**Ex parte Jerry Lynn SIMPSON, Jr.**

**No. 2–88–060–CR.**

Court of Appeals of Texas,
Fort Worth.

May 23, 1988.

James R. Rasmussen and Frank Brown, Wichita Falls, for appellant.

Barry L. Macha, Criminal Dist. Atty. and Gerald W. Taylor, Asst. Crim. Dist. Atty., for appellee.

Before HILL, KELTNER and W.A. HUGHES (Retired, Sitting by Assignment), JJ.

## OPINION

HILL, Justice.

Jerry Lynn Simpson, Jr. appeals from the trial court's order denying his application for writ of habeas corpus based on his claim of double jeopardy. He contends in a sole point of error that the trial court erred

in denying his application for writ of habeas corpus because the court had abused its discretion by declaring a mistrial during the jury deliberation at his capital murder trial. He asserts that the declaration of a mistrial was made without a proper showing of manifest necessity and in his absence.

We affirm, because we find that the trial court did not err in denying Simpson's application for writ of habeas corpus, because the declaration of mistrial was authorized by article 36.29 of the Texas Code of Criminal Procedure, and the declaration of a mistrial as authorized by article 36.29 does not constitute jeopardy barring another trial. We also note that the declaration was made in the presence of and without objection from Simpson.

The record reflects that while the jury was deliberating Simpson's guilt or innocence of the charges of capital murder, everyone, including Simpson, became aware through a note that the vote in the jury room was eleven to one for a guilty verdict. While the jury continued its deliberations, the trial judge learned, and subsequently verified, that the husband of one of the jurors had had a massive heart attack and was in the hospital. After consultation with counsel, Simpson would not agree for the jury to be separated. Following Simpson's refusal to agree to the separation, the trial court declared a mistrial, citing the emergency and the need at the hospital for someone with the husband's medical history. Simpson's counsel affirmatively stated that he had no objection to the trial court's declaration of a mistrial.

■ Article 36.29(c) of the Texas Code of Criminal Procedure provides that the trial court shall discharge the jury if, after the charge is read, any accident of circumstance occurs to prevent the jury from being kept together when the law requires that they be kept together. The facts as presented in this case justify the trial court's declaration of a mistrial in accordance with this statute, and a plea of former jeopardy based on such facts is properly overruled. *Woodward v. State*, 42 Tex. Crim. 188, 58 S.W. 135, 139 (1900).

■ Simpson contends that the trial court erred by receiving evidence of the condition of the juror's husband in his absence. He relies on the case of *Upchurch v. State*, 36 Tex.Crim. 624, 38 S.W. 206 (1896). In *Upchurch*, a judge was informed at night, away from court, of the illness of a juror's wife. He authorized the discharge of the juror, outside of open court, in the absence of the defendant, and apparently without a great deal of investigation. The next morning, when the defendant refused to proceed with eleven jurors, the judge dismissed all the jurors, over objection by the defendant. In this case, the judge investigated the report of the heart attack, sought Simpson's consent to allow the jury to separate, and only discharged the jury when Simpson's consent was not forthcoming. The judge made all findings as to the heart attack and the necessity for the discharge of the jury in open court, in the presence of Simpson and his counsel. Simpson's counsel affirmatively stated that there was no objection to the action taken by the court. Simpson requested no hearing on the issue of the juror's illness. Given the fact that the trial judge had verified the information which he had received and the fact that the juror's immediate presence was necessary to the treatment of the life-threatening condition, Simpson received all the hearing which could reasonably have been expected under the circumstances. Simpson did not object to the trial court having received the information about the illness in his absence, and we fail to see any harm to him in the fact that the judge was initially informed of the heart attack outside Simpson's presence.

■ Simpson also urges that the State failed to demonstrate "manifest necessity" in the declaration of a mistrial. We agree with the trial court's finding that the events as we have related them constitute a showing of "manifest necessity" because the judge took the only reasonable action open to him. It would have been uncon-

scionable for him to force the juror to continue despite her knowledge of her husband's condition or to keep her ignorant of her husband's condition. The trial court was not required to act in such an inhumane manner. We overrule Simpson's sole point of error.

We affirm the trial court's order denying Simpson's application for writ of habeas corpus.